UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CT LAND & CATTLE CO., L.L.C., A TEXAS LIMITED LIABILITY COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:17-cv-00118 |
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, A FOREIGN CORPORATION, AND THE TRAVELERS INDEMNITY COMPANY OF AMERICA, A FOREIGN CORPORATION, | § § § § § § | |
| Defendants. | § | |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S NOTICE OF REMOVAL**

Defendant The Travelers Indemnity Company of America ("Travelers" or "Defendant") files its Notice of Removal of this action from the 132nd Judicial District Court of Scurry County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1.  On April 10, 2017, Plaintiff CT Land & Cattle Co., L.L.C. ("Plaintiff") commenced an action in the 132nd Judicial District Court of Scurry County, Texas, styled *CT Land & Cattle Co., L.L.C., a Texas Limited Liability Company v. Nationwide Agribusiness Insurance Company, a foreign corporation, and The Travelers Indemnity Company of America, a foreign corporation*, where it was assigned Cause No. 25971.

2. On May 5, 2017, Travelers was served with a citation. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 132nd Judicial District Court of Scurry County, Texas, and will serve a copy of the Notice of Removal on all counsel of record.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court. Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

> **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff seeks damages in an amount greater than $200,000 but not more than $1,000,000[1] and attorneys' fees.[2] Thus, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

---

[1] *See* Ex. A-2 ¶ 4.

[2] *See* Ex. A-1 ¶ 14.

**(b)     Complete diversity between Plaintiff and Defendants exist.**

7.      The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Plaintiff is a limited liability company whose members are individuals residing in either Texas or New Mexico. Plaintiff is therefore a citizen of Texas and New Mexico.

8.      Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1). Defendant Nationwide Agribusiness Insurance Company ("Nationwide") is incorporated in Iowa with its principal place of business in Iowa. Nationwide is therefore a citizen of Iowa.

9.      Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut. Travelers is therefore a citizen of Connecticut.

10.     Nationwide consents to the removal of this action. *See* Ex. B.

11.     Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 132nd Judicial District Court of Scurry County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF AMERICA**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to all counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 2nd day of June, 2017 at the addresses indicated below:

Andrew Curtis
Matthew M. McKee
Craig, Terrill, Hale & Grantham, L.L.P.
9816 Slide Road, Suite 201
Lubbock, Texas 79424

Brian J. Bradigan
Ryan D. Brown
Hermes Law, P.C.
2001 N. Lamar St., Suite 450
Dallas, Texas 75202

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett