# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **CT LAND & CATTLE CO., L.L.C.,** | § | |
| **A TEXAS LIMITED LIABILITY** | § | |
| **COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **NATIONWIDE AGRIBUSINESS** | § | |
| **INSURANCE COMPANY, A FOREIGN** | § | |
| **CORPORATION, AND THE TRAVELERS** | § | |
| **INDEMNITY COMPANY OF AMERICA,** | § | |
| **A FOREIGN CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>INDEX OF STATE COURT MATERIALS</u>**

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | 4/10/2017 | Plaintiff's Original Petition |
| A-2 | 4/10/2017 | Civil Case Information Sheet |
| A-3 | 4/11/2017 | Citation Issued as to The Travelers Indemnity Company of America |
| A-4 | 4/11/2017 | Citation Issued as to Nationwide Agribusiness Insurance Company |
| A-5 | 5/1/2017 | Defendant Nationwide Agribusiness Insurance Company's Original Answer to Plaintiff's Original Petition |
| A-6 | 5/26/17 | Defendant The Travelers Indemnity Company of America's Answer and Request for Disclosure |

# EXHIBIT A-1

CAUSE NO. _____25971_____

| | | |
|---|---|---|
| CT LAND & CATTLE CO., L.L.C., | § | IN THE ____ DISTRICT COURT |
| a Texas Limited Liability Company, | § | |
| Plaintiff, | § | |
| | § | OF |
| v. | § | |
| | § | |
| NATIONWIDE AGRIBUSINESS INSURANCE | § | |
| COMPANY, a foreign corporation, and | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF AMERICA, a foreign | § | |
| Corporation, | § | |
| Defendants. | § | SCURRY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now CT LAND & CATTLE CO., L.L.C. ("Plaintiff") and files this its Original Petition ("Petition") against NATIONWIDE AGRIBUSINESS INSURANCE COMPANY ("NATIONWIDE"), a foreign corporation, and THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("TRAVELERS"), a foreign corporation, (collectively "Defendants" whether one or more) (the aforementioned parties being referred to herein collectively as "Parties") and would respectfully show the Court as follows:

### I. PARTIES

1.     Plaintiff, CT LAND & CATTLE CO., L.L.C., is a Texas Limited Liability Company with its principal place of business being 6613 19th Street, Lubbock, Texas 79407.

2.     Defendant, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, is a Foreign Corporation and may be served through its registered agent, Corporation Service Company, at 505 5th Ave. Ste. 729, Des Moines, IA 50309.

3.      Defendant, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, is a Foreign Corporation and may be served through its registered agent, Chief Financial Officer, at 200 E. Gaines Street, Tallahassee, Florida 32399.

## II.    JURISDICTION AND VENUE.

4.      The Court has subject matter jurisdiction over the claims asserted herein and Defendants are subject to personal jurisdiction in the State of Texas, also, the amount in controversy is within the jurisdictional limits of this Court.

5.      Venue is proper in Scurry County pursuant to Sec. 15.001 *et. seq.* of the *Civil Practice and Remedies Code*, including but not limited to §15.002 and §15.035 as all or part of the claim(s) involved occurred in Scurry County, Texas and the property in question is located in Scurry County, Texas.

## III.   FACTS AND BACKGROUND

6.      In May 2013, Plaintiff purchased certain property located at 9204 S LP Fuller Ranch Rd., Snyder, Texas 79549 ("Property"). Plaintiff has maintained insurance covering the Property at all times during its ownership of the Property.

7.      The Property was insured under a policy issued from Defendant, TRAVELERS, during the period beginning on November 1, 2014 and extending through November 1, 2015 ("Travelers Policy"). Beginning on November 1, 2015, the Property was insured under a policy issued by Defendant, NATIONWIDE ("Nationwide Policy") (Travelers Policy and Nationwide Policy referred to herein collectively as "Policies").

8.      On or around April 20, 2016, a hail storm occurred, causing substantial damage to roofing and siding components of various structures located on the Property. Such damages resulted in leaks and other impairments that have rendered the structures unfit for their intended

purpose.   Despite multiple parties providing multiple sources of supporting information to Defendant, NATIONWIDE, indicating such hail events occurred on or around April 20, 2016, NATIONWIDE denied coverage for the claim under the Nationwide Policy.   In denying coverage, NATIONWIDE takes the position that the damage in question did not occur during their respective policy period.

9.     After being denied coverage under the Nationwide Policy, Plaintiff submitted its claim to TRAVELERS. As expected, TRAVELERS denied coverage taking the position that the damage occurred following their applicable coverage. Specifically, based on the evidence available and the weather reports for the area, TRAVELERS took the position that the damage in question occurred on or around April 20, 2016.

10.     Pursuant to lender requirements, upon purchase of the Property, a thorough inspection was performed, showing no indication of hail damage on the Property. Prior to issuing the Policies, Defendants had ample opportunity to perform inspections of the Property and all structures located thereon. Defendants either failed to perform such inspections, or alternatively, found no evidence of hail damage during such inspections.

### IV.   APPLICATION FOR DECLARATORY RELIEF

11.     The Uniform Declaratory Judgment Act (the "Act") is remedial in nature and was implemented to provide courts with broad discretion and authority to make determinations so as to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Tex. Civ. Prac. & Rem. Code Ann.* § 37.002(b) (West 2015); *see Civ. Prac. & Rem.* § 37.003(a). When such uncertainties arise with respect to a written contract, a party to

such contract can petition and request the court determine questions of construction or validity pertaining to or arising under such contract, and then may obtain a declaration from the court setting out its determinations. *Civ. Prac. & Rem.* § 37.004(a). Such determination can be either affirmative or negative and can be made before or after such contract has been breached. *Civ. Prac. & Rem.* § 37.003(b); *Civ. Prac. & Rem.* § 37.004(b). "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." *Civ. Prac. & Rem.* § 37.011. If a court deems such application to be sufficient, such court may require an interested party to demonstrate why relief should not be granted. *Id.*

12.   Pursuant to the Act, Plaintiff requests this Court make determinations to settle the following questions:

   a.   The date damage to the structures located on the Property was sustained based on a preponderance of the evidence;

   b.   The date which the damage occurred falls under the policy period of the Nationwide Policy or the Travelers Policy;

   c.   The claim is covered under the Nationwide Policy or the Travelers Policy;

   d.   NATIONWIDE or TRAVELERS is liable to Plaintiff for all damages sustained to the structures on the Property—including, but not limited to, the initial damage and any subsequent damages cause by the delay in tendering payment under the respective policy.

## V.   BREACH OF CONTRACT

13.   In executing the Policies, Plaintiff and Defendants formed valid and legally enforceable, written contracts.  The Policies were adequately supported by consideration from the Parties.  Plaintiff fulfilled all of its obligations under the Policies. Defendants' failure to

cover Plaintiff's damages as agreed upon constitutes a material breach of the express provisions of the Policies.

## VI.   ATTORNEYS' FEES

14.     It was necessary for Plaintiff to retain the undersigned attorneys to bring this action and therefore, pursuant to Chapters 37 and 38 of the *Texas Civil Practice and Remedies Code*, Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and upon final hearing that Plaintiff be awarded the following:

    a.  A declaration of the rights and obligations of the Parties as requested herein;

    b.  Reasonable and necessary attorney's fees and costs as requested herein;

    c.  Plaintiff be granted judgment for pre-judgment and post-judgment interest at the highest legal or contractual rate allowed by law;

    d.  Plaintiff be granted further relief that Plaintiff may be justly entitled.

CRAIG, TERRILL, HALE & GRANTHAM, L.L.P.
Attorneys at Law
9816 Slide Rd., Suite 201
Lubbock, TX 79424
806.744.3232 – telephone
806.744.2211 – fax
E-mail: acurtis@cthglawfirm.com

By:_____
      Andrew B. Curtis
      SBN 24052013
      Matthew M. McKee
      State Bar No. 24082363
ATTORNEYS FOR PLAINTIFF

# EXHIBIT A-2

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* 25071 | | COURT *(FOR CLERK USE ONLY):* |
|---|---|---|

STYLED _CT Land & Cattle Co., L.L.C., a Texas Limited Liability Company v. Nationwide Agribusiness Insurance Company, a foreign corporation and The Travelers Indemnity Company of America, a foreign corporation_

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: |
|---|---|
| Andrew Curtis | acurtis@cthglawfirm.com |

| Address: | Telephone: |
|---|---|
| 9816 Slide Road, Suite 201 | **(806) 744-3232** |

| City/State/Zip: | Fax: |
|---|---|
| Lubbock, Texas 79424 | **(806) 744-2211** |

State Bar No: 24052013

### Names of parties in case:

Plaintiff(s)/Petitioner(s):

CT Land & Cattle Co., L.L.C.,

Defendant(s)/Respondent(s):

Nationwide Agribusiness Insurance Company,

a foreign corporation and The Travelers

Indemnity Company of America, a foreign corporation

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- ☑ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☑ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | | ☐ Support Order |
| ☐ Other Foreclosure | | ☐ Expunction | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Other Contract: | | | ☐ Other: | ☐ Grandparent Access |
| | ☐ Other Injury or Damage: | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☑ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT A-3

CAUSE NUMBER 25971

*THE STATE OF TEXAS*

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation **PLAINTIFF'S ORIGINAL PETITION**, a default judgment may be taken against you." A copy of your pleadings should be copied to all parties involved. Failure to do so may result in additional court costs assessed against you.

To:  **The Travelers Indemnity Company of America**
     **Registered Agent: Chief Financial Officer**
     **200 E. Gaines Street**
     **Tallahassee, Florida 32399**

Greetings:

You are hereby commanded to appear by filling a written answer to the at or before ten o'clock a.m. on the Monday next after the expiration of Twenty (20) days after the date of service of this citation before the Honorable District Court of Scurry County, Texas at the Courthouse of said county in Scurry.

Said **PLAINTIFF'S ORIGINAL PETITION** was filed in the said court by **Andrew B. Curtis** (Attorney for the Plaintiff), whose address is **9816 Slide Rd., Suite 201, Lubbock, TX 79424**, on the docket of said court and styled:

**CT LAND & CATTLE CO., L.L.C., A TEXAS LIABILITY COMPANY**
VS.
**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, a foreign corporation, and THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign Corporation**

The nature of the **PLAINTIFF'S** demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Scurry County, Texas this the **11TH** day of April, **2017.**

Attest: CANDACE JONES, Clerk of the District Court.

**CANDACE JONES, District Clerk**
1806 25th Street, Suite 402
Snyder, Texas 79549

By: *LeeAnn Zuniga*
LeeAnn Zuniga, Deputy

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the 11TH day of April, 2017, at 3:00 o'clock p.m., I mailed a copy of PLAINTIFF'S ORIGINAL PETITION to Travelers Indemnity Company of America ℅ Chief Financial Officer. By registered mail, return receipt requested, a true copy of this citation with a copy of PLAINTIFF'S ORIGINAL PETITION

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Travelers Indemnity
Company of America
Registered Agent: Chief Financial Officer
200 E. Gaines Street
Tallahassee, Florida 32399

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

RECEIVED BY Sarah Blocker
APR 20
DEPT. OF FINANCIAL SERVICES

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

FILED
NO. A
CLERK

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 0600 0002 0635 7394

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CANDACE JONES
DISTRICT CLERK
1806 25th STREET, STE. 402
SNYDER, TX 79549

FILED

2017 APR 20 AM 9: 45

# EXHIBIT A-4

CAUSE NUMBER 25971

*THE STATE OF TEXAS*

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation **PLAINTIFF'S ORIGINAL PETITION**, a default judgment may be taken against you." A copy of your pleadings should be copied to all parties involved. Failure to do so may result in additional court costs assessed against you.

To: **Nationwide Agribusiness Insurance Company**
**Registered Agent: Corporation Service Company**
**505 5th Ave., Ste., 729**
**Des Moines, IA 50309**

Greetings:

You are hereby commanded to appear by filling a written answer to the at or before ten o'clock a.m. on the Monday next after the expiration of Twenty (20) days after the date of service of this citation before the Honorable District Court of Scurry County, Texas at the Courthouse of said county in Scurry.

Said **PLAINTIFF'S ORIGINAL PETITION** was filed in the said court by **Andrew B. Curtis** (Attorney for the Plaintiff), whose address is **9816 Slide Rd., Suite 201, Lubbock, TX 79424**, on the docket of said court and styled:

**CT LAND & CATTLE CO., L.L.C., A TEXAS LIABILITY COMPANY**
**VS.**

**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, a foreign corporation, and THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign Corporation**

The nature of the **PLAINTIFF'S** demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Scurry County, Texas this the **11TH day of April, 2017.**

Attest: CANDACE JONES, Clerk of the District Court.

**CANDACE JONES, District Clerk**
1806 25th Street, Suite 402
Snyder, Texas 79549

By _LeeAnn Zuniga_
LeeAnn Zuniga, Deputy

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the 11TH day of April, 2017, at 3:00 o'clock p.m., I mailed a copy of PLAINTIFF'S ORIGINAL PETITION to Nationwide Agribusiness Insurance Company ℅ Corporation Service Company. By registered mail, return receipt requested, a true copy of this citation with a copy of PLAINTIFF'S ORIGINAL PETITION



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to: 25911

Nationwide Agribusiness Insurance Company
Registered Agent: Corporation Service Company
505 5th Ave., Ste., 729
Des Moines, IA 50309

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Vicki Reed

B. Received by (Printed Name)    C. Date of Delivery
                                  4/13/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

STATION
April 2017
50315

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number        7013 0600 0002 0635 7387
   (Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

CANDACE JONES
DISTRICT CLERK
1806 25th STREET, STE. 402
SNYDER, TX 79549

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED
2017 APR 19 AM 9:40

# EXHIBIT A-5

Candace Jones, District Clerk
~~County Courty, Texas~~
By: Leeann Zuniga,
Deputy Clerk

CAUSE NO. 25971

| | | |
|---|---|---|
| CT LAND & CATTLE CO., L.L.C.,<br>A Texas Limited Liability Company | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | 132ND JUDICIAL DISTRICT |
| NATIONWIDE AGRIBUSINESS INSURANCE | § | |
| COMPANY, a foreign corporation; and | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF AMERICA, a foreign | § | |
| Corporation | § | |
| | § | |
| *Defendants* | § | SCURRY COUNTY, TEXAS |

## DEFENDANT NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **Nationwide Agribusiness Insurance Company** ("Defendant") and files its Original Answer to Plaintiff's Original Petition. In support thereof, Defendant respectfully shows the Court the following:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and any amendments thereto, and demand strict proof thereof by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

For further answer, if same be necessary, Defendant asserts that any award of pre-judgment interest cannot include, as a matter of law, future damages, if any, awarded to Plaintiff

in this matter.  Defendant further asserts that the amount of any pre-judgment and post-judgment interest awarded in this case against Defendant, if any, is limited as set forth in common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice and Remedies Code.

For further answer, if same be necessary, Defendant would show that the damages complained of by Plaintiff were caused by an independent, superseding cause over which Defendant had no control.

For further answer, if same be necessary, Defendant would also show that the damages about which Plaintiff complains are the result, in whole or in part, of the negligence of the plaintiff, and/or the negligence of other individuals and/or entities over whom Defendant had no control.

For further answer, if same be necessary, Defendant would further show that Plaintiff failed to mitigate its damages.

For further answer, if same be necessary, Defendant denies any alleged act or omission under the circumstances herein which may justify any claim for exemplary or punitive damages, or attorney's fees.

For further answer if same be necessary, Defendant asserts that Plaintiff's breach of contract claims are barred by the Plaintiff's prior breach, Plaintiff's failure to disclose important information, lack of consideration, impossibility of performance, laches, unclean hands, waiver, estoppel, interference by third parties and the doctrine of accord and satisfaction.

For further answer if same be necessary. Defendant states that Plaintiff's Petition must fail because Plaintiff has an adequate remedy at law.

### III.
### NOTICES

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby places the parties to this suit on notice of their intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant hereby places the parties to this suit on notice of their intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

### IV.
### REQUESTS FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose within thirty (30) days of the service of this Original Answer, the information or material described in Rule 194.2. In addition, please disclose all documents, electronic information, and tangible items that you have in your possession, custody or control and may use to support your claims or defenses.

### V.
### JURY DEMAND

Defendant respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff take nothing by its suit, that Defendant recover all costs, and for such other and further relief, both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

By: *Brian J. Bradigan*
**BRIAN J. BRADIGAN**
SBN: 24099083
*brian@hermes-law.com*
**RYAN D. BROWN**
SBN: 24094567
*ryan@hermes-law.com*

**HERMES LAW, P.C.**
2001 N. Lamar Street, Suite 450
Oilwell Supply Building
Dallas, Texas 75202
(214) 749-6800
(214) 749-6801 (Fax)

**ATTORNEYS FOR DEFENDANT
NATIONWIDE AGRIBUSINESS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 28th day of April, 2017, a true and correct copy of the foregoing document was forwarded via e-filing and/or facsimile to the following counsel of record:

Andrew B. Curtis
Matthew M. McKee
CRAIG, TERRILL, HALE & GRANTHAM L.L.P.
9816 Slide Rd., Suite 201
Lubbock, Texas 79424
806-744-3232
806-744-2211 FAX
acurtis@cthglawfirm.com

*Counsel for Plaintiff*

*Brian J. Bradigan*
**BRIAN J. BRADIGAN**

---

# EXHIBIT A-6

Candace Jones, District Clerk
By: Leeann Zuniga,
Deputy Clerk

**CAUSE NO. 25971**

| | | |
|---|---|---|
| CT LAND & CATTLE CO., L.L.C., a Texas Limited Liability Company, | § | IN THE 132ND DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § | OF |
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, a foreign corporation, and THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign corporation, | § § § § § | |
| Defendants. | § | SCURRY COUNTY, TEXAS |

## DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF AMERICA'S ANSWER AND REQUEST FOR DISCLOSURE

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Travelers Indemnity Company of America ("Defendant") files its Original Answer and Request for Disclosure thereto.

### I. GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II. ADDITIONAL DEFENSES

1. Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2. Coverage is precluded to the extent that the loss occurred outside the policy period.

3.    Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property because the policy does not provide replacement cost coverage.

4.    Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

5.    Plaintiff's claims are barred in whole or in part by the wear and tear exclusion.

6.    Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[s]ettling, cracking, shrinking, or expansion."

7.    Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[r]ust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

8.    Plaintiff's claims are barred in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the 'insured location'."

9.    Plaintiff's claims are barred in part because the Policy precludes coverage for damage to the interior of any building or structure, or the property inside a building or structure, caused by rain, snow, sleet, sand or dust, "whether driven by wind or not," unless "the building or structure first sustains damage to its roof or walls through which the rain, snow, sleet, sand or dust enters."

10.    Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties in the event of loss or damage, such as the

failure to provide prompt notice of the loss or damage, provide a description of how, when and where the loss or damage occurred as soon as possible, or take all reasonable steps to protect Covered Property from further damage.

11.    Plaintiff's claims may be barred in whole or in part because the Policy precludes coverage for "[n]eglect of the 'insured' to use all reasonable means to save and preserve property at and after the time of loss."

12.    Plaintiff's claims may be barred in whole or in part by the Ordinance or Law exclusion.

13.    Plaintiff has failed to mitigate its damages.

14.    Plaintiff's claims are subject to a $10,000 deductible as well as the limits therein.

15.    All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

16.    Travelers reserves the right to invoke appraisal.

17.    Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any.

### III.
#### REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. Rule 194, Plaintiff is hereby requested to disclose within thirty (30) days of service of this request, the information or material described in Tex. R. Civ. P. Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Indemnity Company of America prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via facsimile, in accordance with the Texas Rules of Civil Procedure, this 26th day of May 2017 at the addresses indicated below:

Andrew Curtis
Craig, Terrill, Hale & Grantham, L.L.P.
9816 Slide Road, Suite 201
Lubbock, Texas 79424

Brian J. Bradigan
Ryan D. Brown
Hermes Law, P.C.
2001 N. Lamar St., Suite 450
Dallas, Texas 75202


*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett